## THE ASHBOURNE.

### THE ROBERT HADDON.

#### (District Court, S. D. New York. December 28, 1899.)

COLLISION—LIABILITY FOR DAMAGES—PERFORMANCE OF SALVAGE SERVICES.
Tugs which voluntarily undertook to rescue a vessel from a burning wharf, and in doing so, by reason of their not being able, under the circumstances, to handle the vessel safely, inflicted injury by collision upon other vessels lying at the wharf, although there was no other means of effecting the salvage, and their services were meritorious, are liable in the first instance for the damages to such vessels, which may be considered a loss or expense necessarily incident to the salvage service.

In Admiralty. This was a suit against the steam tugs Ashbourne and Robert Haddon to recover damages for collision.

Carpenter & Park and Mr. Symmers, for libelant.
James Armstrong, for the Ashbourne.
Cowen, Wing, Putnam & Burlingham, for the Haddon.

BROWN, District Judge. At about 6:20 p. m. of the 7th of September, 1899, as the tugs Ashbourne and Hadden were pulling the burning ship Buceros away from a wharf on fire in the Erie Basin, she came in contact with the libelant's canal boats Columbus and Cum-

berland, lying in the same slip, near the exit from the basin. The above libel was filed to recover the damages.

Upon all the evidence submitted, I am of the opinion that the tugs can hardly be found chargeable with negligence as respects the manner of towing the ship out of the slip after they had once started. There was a strong wind blowing across the wharf and towards the libelant's canal boats and the exit from the basin. There were also other craft anchored not far distant which restricted free maneuvering. No aid in steering the ship could be had from her own helm, because the after-part of the ship was ablaze and no persons could stay there, and for the same reason no other tugs, had there been any, could have gone aft to work on her quarter. The two defendant tugs were the only ones available to save the ship, and they were not really sufficient to manage the ship with perfect control or so as to prevent her sagging across the slip in the high wind. I consider the damage to the libelant's boats, therefore, to have been an inevitable incident of the salvage service rendered by the two tugs under the circumstances of their attempt.

This finding, however, does not relieve the defendant boats from responsibility. The damage was not an unavoidable accident as respects the libelant's boats, since the defendant tugs were under no constraint to undertake the salvage service. The service was voluntarily undertaken for their own profit, and for the benefit of the ship in her great extremity. The service was necessary in order to save her; but it was undertaken without the necessary means of handling the ship with safety to other vessels in the basin, and with the evident risk of inflicting damage on the boats moored near the exit. In the sense of having undertaken the service without sufficient means or equipment to do it safely, the tugs are legally chargeable with negligence as respects the boats damaged, since this damage might have been foreseen to be likely to occur; and it is no defense as respects the boats damaged, that the tugs undertook, without means adequate for safety to others, a most deserving and meritorious salvage work.

From another point of view the injury might be regarded as legally equivalent to damage voluntarily and necessarily inflicted on the libelant's boats in the course of an urgent salvage operation, otherwise meritorious. As respects the Buceros, the vessel salved, the tugs are not chargeable with any negligence, for the reason that there were no other tugs at hand to give assistance, and the urgency of immediate action was extreme. I regard the damage, therefore, as under the circumstances a necessary incident of a salvage service, which having been voluntarily undertaken by the salvors, is a charge which they must bear in the first instance, as they would bear any other loss or sacrifice incurred by them in the course of their salvage work, and for which they must look to the salvage award for compensation.

Decree for the libelant with costs.